UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL FRANCIS MOYNIHAN, JR.,

                   Plaintiff,

v.

S. WICKLUND (07322),

                   Defendant.

Case No. C11-658-JLR-BAT

**REPORT AND RECOMMENDATION**

On April 18, 2011, plaintiff filed[1] a pro se civil rights complaint under 42 U.S.C. § 1983, alleging defendant Deputy S. Wicklund, violated his rights when he arrested plaintiff. Dkt. 9. On December 16, 2011, plaintiff moved for summary judgment on the grounds defense counsel, rather defendant, completed plaintiff's interrogatory questions. Dkt. 27. In response, defendant contends he properly responded to the interrogatories, plaintiff violated the Federal Rules by propounding more than 25 questions without permission to do so, and the motion is frivolous. Dkt. 29.

The Court has reviewed the parties' pleadings and recommends plaintiff's summary judgment motion be **DENIED**. In addition, the Court previously ordered discovery to be completed by August 11, 2011 (Dkt. 10) and dispositive motions to be filed by December 12,

---

[1] Plaintiff was a state prisoner at the time he filed the complaint but has subsequently been released.

REPORT AND RECOMMENDATION - 1

2011. Dkt. 23. As those dates have lapsed, the Court recommends the parties be directed to submit a Joint Status Report to the Honorable James L. Robart.

**DISCUSSION**

Plaintiff appears to ask the Court to grant summary judgment on the grounds defense counsel rather than defendant "completed" plaintiff's interrogatories. Dkt. 27. This is not grounds for summary judgment. A Court may grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff as the moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff has failed to meet this burden.

First, the motion presents no facts regarding the claims for relief. The only fact plaintiff arguably asserts is defense counsel, rather than defendant "completed" the interrogatories. However, this is not a material fact as it fails to establish any element of plaintiff's § 1983 claims. The other assertions contained in the motion are not facts but legal arguments about the Rules of Professional Code of Responsibility and the Revised Code of Washington.

Second, plaintiff has not shown he is entitled to judgment as a matter of law. As noted above, he has failed to present facts establishing each element of his § 1983 claims. Instead he argues:

> defendant will have to produce a signed Oath or promise to adhere to the constitution or set of codes such as the RCW. Specifically, defendant would have to produce a copy of a completed application for a Chapter 46.20 RCW driver's license, explicitly governed under a certain RCW.

Dkt. 29 at 2. This argument falls far short of establishing that as a matter of law, plaintiff is entitled to relief. Accordingly summary judgment should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends plaintiff's motion for summary judgment be **DENIED** and the parties be directed to submit a Joint Status Report to the Honorable James L. Robart. A proposed Order is attached.

Any objections to this Recommendation must be filed and served upon all parties no later than **February 22, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **February 24, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect your right to appeal.

DATED this 8th day of February, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge